IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOSEPH ADDI, *et al.*, <br>    *Plaintiffs,* <br><br> v. <br><br> CORVIAS MANAGEMENT-ARMY, LLC, *et al.*, <br>    *Defendants.* | Civil Action No. ELH-19-3253 |

**MEMORANDUM**

This suit concerns the condition of military housing at Fort George G. Meade ("Fort Meade"). Plaintiffs, all active-duty service members and their families who have resided or currently reside at Fort Meade, complain about mold and other housing conditions at Fort Meade. *See* ECF 40 (First Amended Complaint). The defendants, Corvias Management-Army, LLC and Meade Communities, LLC, are responsible for the operation, construction, and maintenance of housing at Fort Meade.

In connection with discovery, the parties have filed a "Joint Motion for Entry of a Confidentiality Order." ECF 62 (the "Motion"). However, they disagree about the text of the appropriate protective order. Although the parties appear to be in substantial agreement about the scope and language of the protective order, they disagree about whether the protective order should contain an "Attorneys' Eyes Only" ("AEO") designation for certain matters.

Defendants argue that a two-tiered protective order with an AEO designation is necessary to protect the "highly sensitive" documents that they will be producing. *Id.* at 2-8. Plaintiffs oppose the AEO designation and contend that a single level of protection is sufficient. *Id.* at 8-10. Each

side has submitted a proposed order. *See* ECF 62-1 (Defendants' Proposed Order); ECF 62-2 (Plaintiffs' Proposed Order).

Rule 26 of the Federal Rules of Civil Procedure states, in relevant part: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). "Courts have consistently granted protective orders that prevent disclosure of many types of information." *Waterkeeper Alliance, Inc. v. Alan & Kristin Hudson Farm*, 278 F.R.D. 136, 140 (D. Md. 2011) (quotations omitted). Indeed, under Rule 26(c), courts have "broad authority to limit discovery and prescribe alternative discovery mechanisms." *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 124 (D. Md. 2009).

Notably, the party moving for a protective order bears the burden of establishing good cause. *Webb v. Green Tree Servicing LLC*, 283 F.R.D. 276, 278 (D. Md. 2012). In so doing, "a proponent may not rely upon stereotyped and conclusory statements, but must present a particular and specific demonstration of fact as to why a protective order should issue." *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D. Md. 2006) (citations omitted). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." *Webb*, 283 F.R.D. at 279 (citations omitted).

Plaintiffs' proposed protective order is largely the same as the form order found in Appendix D to the Local Rules. *See also* Local Rule 104.13. Although defendants' proposed protective order is similar to the standard form, it adds a category of documents designated "ATTORNEYS EYES ONLY." *See* ECF 62-1. The form order does not contain an AEO designation.

According to Defendants' Proposed Order, documents may be designated "ATTORNEYS' EYES ONLY" "only when the Producing Party in good faith believes such material contains highly sensitive financial information, highly sensitive personal or private information of any individual, information governed by applicable privacy laws, or information that is of such a nature that disclosure to persons other than counsel to the Parties would create a significant risk of economic or commercial injury, military or national defense security risks, or unnecessary personal embarrassment that could not be avoided by any less restrictive means." ECF 62-1 at 3.

Defendants explain that their disclosures will consist of personal information about plaintiffs and potential class members, such as private tenant records from Fort Meade. ECF 62 at 4. Such records contain "their military status, DOD numbers or other identifying information, rank, employer, financial or wage information, health information, and potential criminal activity." *Id.* According to defendants, production of "this sensitive personal information regarding non-plaintiff individuals in the aggregate without an adequate level of protection could have deleterious effects and raise privacy concerns." *Id.* In addition, defendants contend that their disclosures will contain financial and commercial information that would give defendants' "competitors and vendors access to its most important business methods and allow those competitors to attain an improper competitive advantage" if the documents are not adequately protected. *Id.*

It is clear that the parties have a valid interest in the privacy of the records as relates to certain personal information of non-party individuals. Protective orders limiting access to counsel are commonly granted as a means of "protecting the privacy interests of certain nonparties while yet serving the needs of litigation." *Knoll v. AT&T*, 176 F.3d 359, 365 (6th Cir. 1999); *see also Edwards v. Edwards*, DKC-12-3761, 2013 WL 12246358, at *2 (D. Md. Oct. 18, 2013); *Soule v. RSC Equipment Rental, Inc.*, Civ. No. 11-2022, 2012 WL 425166, at *4 (E.D. La. Feb. 9, 2012)

("Courts have also specifically granted such orders to protect nonparties from the harm and embarrassment potentially caused by nonconfidential disclosure of their personnel files.").

However, defendants have not met their burden to demonstrate why an additional level of protection is necessary to protect such information as it relates to plaintiffs. Indeed, plaintiffs make no such requests.

Nor have defendants met their burden to establish the need for an AEO designation for their "commercial information." ECF 62 at 4. As plaintiffs argue, the plaintiffs—members of the military and their families—are not defendants' competitors. ECF 62 at 9. And, the confidential designation in the standard protective order will protect defendants' commercial information from disclosure to defendants' competitors. *See Team Play, Inc. v. Boyer*, No. 03 C 7240, 2005 WL 256476, at *1 (N.D. Ill. Jan. 31, 2005) ("To justify the AEO designation, the designating party must do more than show that it is a competitor of the receiving party or that the documents in question disclose information about the designating party's relationships with other competitors.").

In sum, defendants' proposal for the AEO designation is too broad. *See Team Play*, 2005 WL 256476, at *1 (The AEO designation should "only be used on a relatively small and select number of documents where a genuine threat of competitive or other injury dictates such extreme measures."). Accordingly, by **January 15, 2021**, the parties are directed to submit a revised proposed protective order, joint if possible, with a narrow class of documents subject to the designation of "Attorneys' Eyes Only," limited to personal identifying information, such as social security numbers, for non-plaintiffs.

An Order follows.

Date: December 28, 2020                               /s/
                                                Ellen L. Hollander
                                                United States District Judge