UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. MARK COULSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
Phone: (410) 962-4953
Fax: (410) 962-4953

July 29, 2021

LETTER TO ALL COUNSEL OF RECORD

Re: *Addi et al v. Corvias Management-Army, LLC et al*
Civil No.: 1:19-cv-03253-ELH

Counsel:

This case has been referred to me for discovery and all related scheduling. (ECF No. 71). Pursuant to the Court's previous order regarding discovery disputes, (ECF No. 72), the parties alerted the Court to a new series of disputes by joint letter dated July 26, 2021. (ECF No. 110). Subsequently, the parties each sent letters setting forth their position. (ECF Nos. 112 and 113). Notably, the parties have not conferred with each other as directed by the Court's previous order, although each blames the other for this failure.

For their part, Plaintiffs set forth a long list of alleged discovery failures ranging from unprepared Rule 30(b)(6) corporate designees, to inappropriate claims of privilege, to incomplete document productions, and the failure to produce corporate officers for deposition. Some or all of these may have been previewed in missives to Defendants over the past several months, culminating in a request on July 20 to confer about these issues. Because Defendants declined that invitation, Plaintiffs now seek resolution of these issues by the Court.

For their part, Defendants contend that their discovery efforts have continued through this period, including additional depositions and document productions, which may have mooted some of the issues raised by Plaintiffs (which Plaintiffs deny). Defendants have requested an updated issues list from Plaintiffs specifying exactly which alleged failures remain, so that they can adequately prepare and participate in a conference of counsel with an eye towards eliminating (or at least narrowing) the issues for the Court, and that Plaintiffs' reluctance to do so (together with the press of recent depositions in the case), made it impossible for this conference to occur on short notice last week.

These disputes are not currently in a posture to be addressed by the Court through its expedited, informal discovery dispute process. That process is not meant to function as simply a truncated motion to compel exercise, where the parties get all the benefits of streamlined access to the Court and a decision without the burdens and time commitment attendant to the formal motions

process. Rather, it is meant as a problem-solving, solution-oriented, Court-mediated alternative, that can only be effectively employed where the parties themselves use their best good faith efforts to confer beforehand so that each fully understands the other's position, attempts to negotiate solutions to as many items as possible, and come to the Court with proposed solutions that take both sides' concerns into account. The "meet and confer" component is not meant to be perfunctory, and certainly is not satisfied by a process such as email or letter-writing that is not geared towards finding a solution (short of "give us everything, or else"). Similarly, it is not meant as a tool to "slow walk" attempts at legitimate discovery.

There is much to commend the Court's expedited discovery dispute process based on negotiation and collaboration rather than the less certain outcome of fully contested formal motions. First, it is the rare case that a requesting party gets everything they seek, or that a responding party successfully resists in all asserted areas, such that, by compromise, one might actually wind up with more than a court would ultimately grant. Second, an expedited process allows discovery to say on track so that discovery progress is not stalled (and case resolution delayed) waiting for formal motions to be briefed and decided, and then hoping that the Court correspondingly extends the discovery deadline to accommodate it. Third, the expense to the respective clients is greatly reduced. Fourth, the parties will always know their case and discovery needs better than the Court, such that surrendering control over the decision always risks a result that is less predictable and satisfying. Finally, parties often find it beneficial to horse trade discovery burdens with each other since each is inevitably both a propounder and responder at times in the case.

The Court is certain that the experienced counsel in this case fully appreciate all of the points above, and can continue to make the most of the Court's expediated process as they have in past disputes. Towards that end, the Court directs as follows:

Plaintiffs are granted until August 6, 2021 to update and elaborate on the remaining disputed areas with the benefit of the depositions occurring this week and any additional production from Defendants. This should take the form of correspondence to Defendants by that date. There is no need to copy the Court. This correspondence should include any proposed solutions.

The parties are then directed to meet and confer either in person (if it can be done safely) or virtually (if necessary) by August 13, 2021 again with an eye towards finding common ground on as many issues as possible.

Plaintiff should then submit a letter of no more than five pages detailing any remaining areas of dispute by August 20, 2021 with a response from Defendants by August 25, 2021 of no more than five pages. No reply is necessary. The Court will hold a hearing by telephone at 10:00 a.m. on August 31, 2021 and will provide a telephone number.

The parties, by mutual agreement, are free to reasonably extend the above deadlines to accommodate August vacation schedules, and the Court will then adjust the hearing date as necessary. The parties should alert the Court if they enter such an agreement.

The parties should continue with any other discovery in this case in the interim, and Defendants should provide dates by August 6, 2021 for the contemplated depositions of Company officers to occur in September.

The Court is mindful that this schedule may require a modest adjustment to the discovery deadline and remaining case schedule, the necessity of which can be addressed at the August 31, 2021 hearing.

Despite the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

                                                                      Sincerely yours,
                                                                      _____/s/_____
                                                                       J. Mark Coulson
                                                                       United States Magistrate Judge

Cc: The Honorable Ellen L. Hollander